FILED
2026 Sep-03 AM 11:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LESLIE-ANN PIERRE NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-21-GMB |
| | ) | |
| RAM HOTEL MANAGEMENT, | ) | |
| LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the Motion to Dismiss Count I for Lack of Subject Matter Jurisdiction filed by Defendants Rajsambhav Hotel, LLC ("Rajsambhav") and RAM Hotel Management, LLC ("RAM"). Doc. 30. Plaintiff Leslie-Ann Pierre Nelson filed an opposition to the motion to dismiss and her own motion for leave to conduct jurisdictional discovery. Doc. 32. Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United State Magistrate Judge. Doc. 19. The motions are fully briefed.[1] Docs. 30, 32, 33.

## I. RELEVANT BACKGROUND

Nelson filed her complaint after an overnight stay at the Hilton Garden Inn

[1] While the motion to dismiss has been pending, the parties filed a Joint Motion to Modify the Scheduling Order (Doc. 34), and Nelson's local counsel filed a Motion to Withdraw as Counsel and Designated Local Counsel. Doc. 35. The court will address these motions below.

Lakeshore, which was owned and operated by Rajsambhav and RAM. Doc. 23. She claims that a shower bench collapsed underneath her inside her room at the Hilton. Doc. 23 at 6. As a result, she brings state-law claims against Rajsambhav and RAM for negligence, wantonness, negligence *per se*, breach of implied warranty, and a violation of Alabama Code § 21-7-3. Doc. 23 at 20–27. She also brings a claim for injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA"), alleging that the Hilton's rooms, restrooms, parking lot, walkways, and restaurant lack accessible features or contain architectural barriers in violation of the ADA. Doc. 23 at 9–20; *see* 42 U.S.C. § 12182(a).

Rajsambhav and RAM now seek the dismissal of Nelson's Title III claim for lack of subject matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3). Doc. 30. In support of their motion, the defendants filed a declaration from Kalpana Desai, who is the Vice President of Talent Management for RAM and "works on behalf of and in connection with" Rajsambhav. Doc. 30-1 at 2. Desai discloses that Rajsambhav sold the Hilton to a third party in December 2025, and that the new owner is not affiliated, associated, related, or otherwise connected to either of the defendants. Doc. 30-1 at 2–3. As a result of the sale, "Rajsambhav no longer has an ownership or other interest in the [Hilton]," and "RAM no longer operates the [Hilton] or has any other interest" in it. Doc. 30-1 at 3. Rajsambhav and RAM therefore do not have "the access or authority to implement policies or

make repairs or modifications to the [Hilton] or surrounding property." Doc. 30-1 at 33. The defendants also filed a copy of the statutory warranty deed showing Rajsambhav's sale of the Hilton property. Doc. 33-1 at 2–6. Rajsambhav and RAM argue that the sale of the Hilton moots Nelson's ADA claim, which they move to dismiss for lack of subject matter jurisdiction. Doc. 30.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) permits the court to dismiss a complaint for lack of subject matter jurisdiction. Under Article III of the U.S. Constitution, there must be "be a live case or controversy at the time that a federal court decides the case." *Burke v. Barnes*, 479 U.S. 361, 363 (1987). A claim that "no longer presents a live controversy with respect to which the court can give meaningful relief" is moot and must be dismissed for lack of subject matter jurisdiction. *Zinni v. ER Sols., Inc.*, 692 F.3d 1162, 1165 (11th Cir. 2012); *Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1328 (11th Cir. 2004).

"A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." *Stalley ex rel. U.S. v. Orlando Reg. Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). A "'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion."

*McElmurray v. Consol. Govt. of Augusta–Richmond Cnty*, 501 F.3d 1244, 1251 (11th Cir. 2007) (alterations in original) (quoting *Lawrence v. Dunbar*, 919 F.3d 1525, 1529 (11th Cir. 1990)). A factual attack, on the other hand, serves to "challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits[,] are considered.'" *Id.* (citation omitted). The defendants' motion is a factual attack on jurisdiction.

## III. DISCUSSION

The court will address Nelson's request for jurisdictional discovery before moving to the merits of the motion to dismiss. Because the court will dismiss Nelson's ADA claim, it next considers whether there is subject matter jurisdiction over her remaining state-law claims.

### A. Jurisdictional Discovery

The right to jurisdictional discovery "is a qualified one, available 'when a court's jurisdiction is genuinely in dispute.'" *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th Cir. 2017) (quoting *Eaton v. Dorchester Dev. Inc.*, 692 F.3d 727, 730 (11th Cir. 1982); *see Majd-Pour v. Georgiana Comm. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984) (explaining that a plaintiff generally "should be given the opportunity to discover facts that would support his allegations of jurisdiction"). "Such discovery requests should not serve as fishing expeditions, and, as such, are

appropriate only when 'a party demonstrates that it can supplement its jurisdictional allegations through discovery." *Wolf*, 683 F. App'x at 792 (citation omitted) (affirming the district court's denial of jurisdictional discovery where plaintiff "did not specify what information he sought or how that information would bolster his allegations"); *Lee v. Hyundai Motor Am., Inc.*, 2016 WL 3194532, at *4 (N.D. Ala. June 9, 2016) (denying a request for jurisdictional discovery because there was "no indication that the facts Plaintiff seeks to discover would affect this court's jurisdictional analysis").

Here, Nelson does not demonstrate that there is a genuine dispute with respect to the defendants' operational control of the Hilton. *See* Doc. 32 at 4–5. Nelson asks for the defendants to produce documents that (1) "identify the current owner, operator, manager, lessee, maintenance entity, and ADA compliance decision-maker"; and (2) show whether "RAM, Rajsambhav, Wise Path Manager, LLC, Rinkesh Patel, Kalpana Desai, or any related entity retained any post-sale authority, role, or obligation." Doc. 32 at 4–5. She has not satisfied the court that these documents would refute the evidence in the record, which already shows that Rajsambhav sold the property in December 2025 and the defendants no longer operate, have any interest in, or retain the authority to make modifications to the property. This is the only permissible justification for jurisdiction discovery in this case; it cannot be a means to identify the proper defendants for Nelson's ADA

claim.[2] *Wolf*, 683 F. App'x at 792. Accordingly, the request for jurisdictional discovery will be denied.[3]

**B. ADA Claim**

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The only form of relief available to plaintiffs suing under Title III is injunctive relief. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013). As discussed above, Rajsambhav and RAM argue that Nelson cannot obtain any meaningful injunctive relief against them because they no longer have any control over the Hilton property. Doc. 30 at 5–10.

As the defendants acknowledge, the courts within the Eleventh Circuit have mooted ADA claims when "events that occur subsequent to the filing of a lawsuit

---

[2] To the extent Nelson asks the court for leave to substitute the proper defendants upon discovering their identities, the court will deny this request as premature.

[3] Nelson's brief includes a two-sentence argument that her request for jurisdictional discovery should be granted because it "concerns facts intertwined with the merits." Doc. 32 at 5. This argument is conclusory and underdeveloped, so the court will not consider it. *See U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (explaining that a "perfunctory and underdeveloped argument" is deemed to be waived and the court need not consider it).

deprive the court of the ability to give the plaintiff meaningful relief," *Kennedy v. Omegagas & Oil, LLC*, 748 F. App'x 886, 890–91 (11th Cir. 2018) (cleaned up), but they have not squarely addressed the issue presented here. Doc. 30 at 5–6; *see, e.g.*, *Michalares-Owens v. Me, Myself & I, Inc.*, 2020 WL 4924754, at *1 (M.D. Fla. Aug. 21, 2020) (finding plaintiff lacked standing but also noting that defendants "correctly argue that if the restaurant is permanently closed the case is moot"); *Green v. CLP Corp.*, 2006 WL 8436822, at *14 (N.D. Ala. Mar. 28, 2006) (acknowledging that an ADA claim is moot "absent any basis for concluding that the plaintiffs will again be subjected to the same wrongful conduct by this defendant").

In other circuits, district courts have found explicitly that an ADA claim for injunctive relief is moot where the defendant no longer retains any interest in the real property at issue. *See Langer v. Veler*, 2021 WL 12183217, at *2 (S.D. Cal. Feb. 18, 2021) (finding the court could not grant effective relief under the ADA based on the defendant's sworn declaration that she sold the property to unrelated third parties and no longer retained any interest); *Steelman v. Hoch*, 2012 WL 4513864, at *1 (E.D. Mo. Oct. 1, 2012) (finding ADA claim moot because defendants closed the restaurant, vacated the premises, and were under contract to sell the property); *Johnson v. Baird Lands, Inc.*, 2020 WL 978629, at *3 (N.D. Ca. Feb. 28, 2020) ("An ADA claim may become moot where a defendant sells the property.") (citing *Kohler v. Southland Foods, Inc.*, 459 F. App'x 617, 618 (9th Cir. 2011)).

Although not binding, the court is persuaded by the reasoning supporting these opinions and therefore concludes that Nelson's ADA claim is moot. Rajsambhav and RAM no longer own, operate, or have any interest in the Hilton, and they do not have the authority to force repairs or modifications to the Hilton. Because the court cannot effectively enjoin Rajsambhav and RAM to modify the hotel, Nelson's Title III claim does not present "a live controversy with respect to which the court can give meaningful relief." *Zinni*, 692 F.3d at 1165; *see Johnson*, 2020 WL 978629, at *4. Accordingly, the claim is moot and will be dismissed for lack of subject matter jurisdiction.[4]

**C. Remaining Claims**

Nelson's remaining claims are Alabama state-law claims, and the court must consider whether subject matter jurisdiction continues to exist over these claims. Doc. 23 at 20–27; *see Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Nelson claims in the amended complaint that the court has diversity jurisdiction, but she does not properly allege the citizenship of each party. Doc. 23 at 2–3. First, she identifies herself as a "resident" of Florida (Doc. 23 at 2), but a natural person "is a citizen of the state in which he is 'domiciled.'" *Smith v. Marcus Millichap, Inc.*, 991 F.3d 1145,

[4] Nelson also argues that the court should not dismiss her claim with prejudice (Doc. 32 at 5–6), but "[a] dismissal for lack of subject matter jurisdiction is not a judgment on the merits" so it is necessarily entered without prejudice. *Stalley*, 524 F.3d at 1232.

1149 (11th Cir. 2021) (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). Domicile "consists of two elements: residency in a state and intent to remain in that state." *Id.* For that reason, "[r]esidency is necessary, but insufficient, to establish citizenship in a state." *Id.* Second, she identifies RAM and Rajsambhav as corporations "licensed and engaged in business within the state of Alabama." Doc. 23 at 3. This is not enough to establish their citizenships since a corporation is a citizen of both the state in which it was incorporated and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). Without proper citizenship allegations, the court cannot determine whether it may exercise jurisdiction over Nelson's remaining claims.

## IV. CONCLUSION

Accordingly, it is ORDERED as follows:

1. Defendant's Motion to Dismiss Count I (Doc. 30) is GRANTED.

2. Plaintiff's Motion for Limited Jurisdiction Discovery, Leave to Amend, or Substitution (Doc. 32) is DENIED.

3. Plaintiff is ORDERED to show cause why her remaining state-law claims should not be dismissed for lack of subject matter jurisdiction on or before **September 17, 2026.** If Plaintiff does not respond by this deadline, the court may dismiss this action without further notice.

4. Counsel Tal Shemtov, appearing *pro hac vice* for Plaintiff, is

ORDERED to show cause why his local counsel's Motion to Withdraw (Doc. 35) should not be granted on or before **September 17, 2026**.

5. The Joint Motion to Modify Scheduling Order (Doc. 34) is DENIED with leave to refile. Any renewed motion should propose new discovery and dispositive motion deadlines.

DONE and ORDERED on September 3, 2026.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE